Dr. Tommy R. Venters, Director Department of Education 4 State Capitol Mall Little Rock, Arkansas 72201
Dear Dr. Venters:
This is in response to your opinion request wherein you posed the following questions:
 (1) Can the State Board of Education consolidate a district in Category II subsequent to June 1, 1987, which fails to prove it is in full compliance by August 1, 1987?
 (2) Can the State Board of Education consolidate a district in Category III(a) or (b) upon its failure to remove certification deficiencies on September 1, 1988 and September 1, 1989 respectively?
 (3) Can the State Board of Education consolidate a school in Category V if they fail to file the necessary information prior to June 1, 1987?
 (4) Can the State Board of Education consolidate any district not in Category I after June 1, 1987 if it is subsequently determined that the district has special problems regarding which a determination was not made prior to June 1, 1987?
The categories referred to are as follows:
 Category I: School districts in Category I have satisfied the deficiencies noted in the March meeting of the State Accreditation Committee and are in compliance with the Arkansas minimum standards.
 Category II: School districts in Category II have provided documentation and other evidence that all deficiencies cited in March will be removed by the beginning of the 1987-88 school year.
 Category III: School districts in Category III would have been placed in Category II except for certification deficiencies ranging from those which can be met by September 1988 (a) to those which will take more than a year to complete (b) and which involve more than 30 percent of their staff.
 Category IV: School districts in Category IV have multiple deficiencies and are not expected to meet the standards.
 Category V: These districts have failed to submit proper documentation or have special problems.
With the above categories in mind, the State Board of Education has taken the following actions:
 (1) The Board of Education declared schools in Category I to be accredited.
 (2) The schools in Category II were declared to be conditionally accredited, provided they prove by August 1, 1987 that they are in full compliance except for certain accreditation deficiencies.
 (3) Schools in Category III were declared to be conditionally accredited, provided that those schools in Category III (a) were to remove all certification deficiencies prior to September 1, 1988, and those in III (b) were to remove all certification deficiencies prior to September 1, 1989.
 (4) Schools in Category IV were either moved to other categories or ordered consolidated.
 (5) Schools in Category V were either moved to other categories or no action was taken pending the receipt of necessary information.
Your request questions whether these actions are allowable under Act 445 of 1983. Relevant portions of Act 445 of 1983 are as follows:
 SECTION 2. (a) All public elementary and secondary schools that fail to meet minimum standards for accrediting Arkansas elementary and secondary public schools in this State, as promulgated by the State Board of Education under the provisions of this Act, shall be eliminated not later than June 1, 1987, and districts operating one or more of such schools shall be dissolved and annexed to another district or districts which operate all schools therein in compliance with such minimum standards for accrediting elementary and secondary public schools. The County Board of Education shall abolish said districts to the receiving district or districts in a geographically contiguous manner. The receiving district or districts shall be designated by the County Board of Education, and said receiving district or districts are hereby mandated to accept such district, or parts of districts.
 (b) In the event a County Board of Education fails or refuses to comply with the mandates of this Act, the Commissioner of Education shall notify the State Board of Education not later than June 10, 1987, and the State Board of Education, not later than June 20 subsequent to the mandate, shall order, or by regulation authorize the State Department of Education to order, the consolidation or annexation of any such school district as mandated by this Act. Copies of such orders shall be filed with the County Board of Education and the affected district or districts, who shall immediately take action to implement such order. Any school district may affect [effect] consolidation or annexation under provisions of existing law provided said consolidation or annexation is final prior to the effective date of the mandates of this Act.
 SECTION 5. Any school which is determined to meet the minimum standards for accreditation of Arkansas public and elementary secondary schools as provided in this Act, which subsequently falls below current minimum standards for accreditation as determined by the State Department of Education, shall lose such classification and notice thereof shall be filed with the school district in which the school is located, that said school must meet minimum standards for accreditation within two (2) years or be subject to the mandates of this Act with reference to dissolution and annexation. The State Department of Education shall periodically review the educational standards of school districts for the purposes of determining whether minimum standards for accreditation of the schools therein are in compliance with current standards for accreditation. Such review shall be made at least every five (5) years and more frequently if the State Department of Education has reason to believe that the school district, or any school therein, has fallen below minimum standards for accreditation. The State Department of Education shall cooperate with local schools and school authorities in order to assist affected school districts, and schools therein, to achieve compliance with the minimum standards for accreditation as provided in this Act.
In response to your first inquiry, this Office has previously issued an official opinion (86-35) to Representative Veo Easley, incorporating by reference an unofficial opinion (8-86) to Mr. Curtis Pharr, Superintendent of Schools, Leola, Arkansas, wherein the foregoing conclusion was reached:
 In response to your inquiries, then, although Opinion No. 85-40 notes that the effective date of Act 445 is June 1, 1987, this Office is not prepared to conclude that the state Department of Education would not be justified in exercising reasonable discretion in its determination of whether a school was in substantial compliance with the standards.
As an example of an exception which would justify an extension approved in the letter to Mr. Pharr was needed equipment and furniture on order but not delivered until the beginning of the 1987 school year. Another obvious example would be required class space not opening until construction was completed at a time after June 1st but prior to the beginning of school in the 1987 school year.
Hence, it continues to be the opinion of this Office that the State Board of Education could consolidate a district in Category II subsequent to June 1, 1987, if it failed to come into full compliance by August 1, 1987.
At first glance, the dates referred to in your second question are more disturbing than the minor extensions contemplated in question 1 and the prior opinion to Mr. Curtis Pharr. It is important to note, however, that the reason for the extensions in categories III (a) and (b) are due to certification deficiencies. Inasmuch as the State standards for accreditation place with the State Department of Education final determination of certification requirements, the State Board would appear justified in granting extensions to accommodate certification deficiencies that are being remediated.
In your third inquiry you question whether the State Board of Education can consolidate a school which has failed to provide necessary information establishing that they are in compliance with the standards as of June 1, 1987. Implicit throughout Act 445 of 1983 is the obligation on the part of school districts to establish compliance with the minimum standards for accreditation. Failure to provide the State Department of Education with proof of compliance is sufficient justification for the State Board to conclude lack of compliance and justify an order of consolidation.
Your fourth question would require an explanation of why school districts thought to be in compliance might later be found to fail to meet the standards. For example, a change in circumstances subsequent to accreditation would appear to entitle a school to accreditation for two additional years under 5 of Act 445 of 1983. If, on the other hand, initial accreditation is acquired through fraud or deceit, and the State Board of Education could establish that the minimum standards for accreditation were never satisfactorily met by the particular school district, the State Board would then be justified in initiating the procedures to bring about consolidation of the district in question. This rationale would also apply to latent deficiencies which might be discovered subsequent to initial review. It would be very important that the due process provided in other sections of Act 445 of 1983 attend such procedures.
A final point which must be made with respect to questions 1 and 2 is the possibility that tentative approval of school districts might be interpreted to entitle those school districts to the additional two years afforded by 5 for districts subsequently falling out of compliance with the standards. To avoid this possibility, this Office suggests that school districts not in complete compliance with the standards on June 1, 1987, be found out of compliance and placed in a probationary status during which compliance must be attained. This suspended order of consolidation is suggested as an alternative to extending tentative approval which would be harder to retract should conditions not be met by deficient school districts. If conditions are not met, the order of consolidation can be implemented.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair III.